## A. B. KING v. COMMONWEALTH.

**Criminal Law—Obstruction of Public Highway.**

One cannot be guilty of obstructing a public highway by erecting a fence across it where there has been a proceeding to change a highway and the new way has been opened and used by the public in lieu of the one obstructed; the establishment of the new is a discontinuance of the old, and this is true even in the absence of a formal order accepting the new or abolishing the old road.

·APPEAL FROM WHITLEY CIRCUIT COURT.

September 10, 1878.

OPINION BY JUDGE COFER:

Appellant was indicted and fined $150 for obstructing a public road. The evidence tends to show that the obstruction complained

of was a fence erected across a road that had been used by the public many years, and that appellant was the surveyor of a new road, opened by order of the county court, parallel to the old road.

Appellant complains, among other things, of the action of the court in giving the following instruction: "That although they may believe from the evidence, that the county court had adopted a review, establishing a change in said road, and located it at a point different from where the fence was built, and also authorized the opening of said new way, yet until said court accepted the new way, and accepted same in lieu of the old way, there was no authority to close up the former way."

It would doubtless be difficult for the jury to determine which of the roads the court had reference to, in the use of the expression "former way," at the close of the instruction, but taking it to have reference to the old road, we think the court erred in telling the jury that the new road must have been viewed and accepted by the county court in lieu of the old one. That portion of the instruction was clearly misleading. If the new road was established on an application to change the old road, the road opened, used by the public, and surveyor appointed as in this case, the establishment of the new was a discontinuance of the old, and so operated without any formal order accepting the new or abolishing the old. The court ought to have told the jury what it takes to constitute a public road within the meaning of the statute, and should not have left it to them to determine what action on the part of the county court would be sufficient to abolish or establish a road. The jury were left to conjecture in this, and to settle for themselves what was meant by acceptance by the county court.

Wherefore the judgment is *reversed*, and cause remanded for further proceedings consistent with this opinion.

*C. W. Lester, for appellant. Moss, for appellee.*